**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(West Palm Beach Division)**

JANE DOE, an Individual,

    *Plaintiff*,

    v.

Case No.:

THE ESTATE OF JEFFREY EPSTEIN,
by and through its co-executors
DARREN K. INDYKE and RICHARD D. KAHN,
in their representative capacities only;
THE 1953 TRUST, dated August 8, 2019,
by and through its Trustee(s), in their representative
capacities only; LAUREL INC., a U.S. Virgin
Islands Corporation; and DOES 1-20,

    *Defendants*.
_____/

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**
**TVPRA (§§ 1591, 1594, 1595) and Federal RICO (§§ 1962(c), (d))**
<u>**JURY TRIAL DEMANDED**</u>

NOW, Plaintiff JANE DOE (hereinafter "Plaintiff"), by and through undersigned counsel, and files this Complaint against Defendant The Estate of Jeffrey Epstein, by and through its co-executors (hereinafter "Defendant Estate"), The 1953 Trust, dated August 8, 2019, by and through its Trustee(s) (hereinafter "The 1953 Trust"), Laurel Inc., a U.S. Virgin Islands Corporation (hereinafter "Laurel"), and DOES 1-20, and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for damages and equitable relief arising from Defendant's alleged participation in, and knowing benefit from, a sex-trafficking venture and racketeering enterprise that operated domestically and internationally through intermediaries and controlled environments, in violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA") and the Racketeer Influenced and Corrupt Organizations Act ("RICO").

2. Plaintiff alleges that the venture employed recruitment by false pretenses, interstate and international transportation, harboring in isolated locations, and layered concealment to obtain access to vulnerable persons while insulating organizers and end-users through intermediaries.

## JURISDICTION AND VENUE

**JURISDICTION**

3. This Court has subject-matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331.

4. This Court further has jurisdiction over Plaintiff's civil remedy claims under the TVPRA pursuant to 18 U.S.C. § 1595.

5. This Court has jurisdiction over Plaintiff's civil RICO claims pursuant to 18 U.S.C. § 1964(c).

6. To the extent any state-law or equitable claims are asserted, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

**VENUE**

7. Venue is proper in this District pursuant to **28 U.S.C. § 1391(b)** because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in, were directed to, or were purposefully connected with this District, and because Defendants maintain substantial connections to this District.

8. Venue is independently proper for Plaintiff's TVPRA claims pursuant to 18 U.S.C. § 1595(d).

9. Venue is independently proper for Plaintiff's RICO claims pursuant to 18 U.S.C. § 1965(a) because the alleged enterprise and venture utilized interstate and international channels of commerce connected to this District and because at least one Defendant resides, is found, has an agent, or transacts affairs in this District.

10. During the relevant period, Jeffrey Epstein maintained substantial and continuous ties to Florida, including a residence in Palm Beach County, Florida, within this District.

11. Upon information and belief, Laurel, Inc., a U.S. Virgin Islands corporation named as a Defendant herein, held title to real property located at 358 El Brillo Way, Palm Beach, Florida 33480, within this District, and such Florida-

based asset was utilized and maintained as part of Epstein's Florida operational footprint.

12. Accordingly, venue in the Southern District of Florida is proper, and this District is a convenient and appropriate forum for adjudication of Plaintiff's claims.

## PARTIES

**Plaintiff**

13. Plaintiff JANE DOE is an adult individual and a survivor of sex trafficking within the meaning of 18 U.S.C. § 1595. Plaintiff proceeds under a pseudonym pursuant to Court order and will disclose her identity to Defendants under appropriate confidentiality protections.

**Defendant - Estate**

14. Defendant The Estate of Jeffrey Epstein is sued by and through its duly appointed personal representatives and co-executors, Darren K. Indyke and Richard D. Kahn, in their representative capacities only (the "Estate").

15. Indyke and Kahn are named herein solely to facilitate administration, venue, and service of process upon the Estate. No individual-capacity claims are asserted against Indyke or Kahn.

**Defendant - The 1953 Trust**

16. Upon information and belief, Defendant The 1953 Trust, dated August 8, 2019 (the "1953 Trust"), is a trust entity established by Jeffrey Epstein as part of his estate and asset-holding structure.

17. The 1953 Trust is sued by and through its Trustee(s) in their representative capacities only. The identity of the current Trustee(s) is presently unknown to Plaintiff and will be substituted upon discovery. Plaintiff therefore sues John/Jane DOES 11–15 as the Trustee(s) of the 1953 Trust, to be named when ascertained.

**Defendant – Laurel, Inc.**

18. Upon information and belief, Defendant Laurel, Inc. is a U.S. Virgin Islands corporation that held title to real property located at 358 El Brillo Way, Palm Beach, Florida 33480, within this District, and maintained Florida-based operations, assets, or affairs sufficient to support jurisdiction and venue.

**Doe Defendants**

19. Defendants John/Jane DOES 1-10 are individuals and/or entities whose identities are presently unknown to Plaintiff, who, upon information and belief participated in, facilitated, coordinated, or benefited from the trafficking venture and enterprise alleged herein, including as intermediaries, logistical facilitators, venue providers, recruiters, transporters/handlers, financial facilitators, or end-users. Plaintiff will substitute their true names when ascertained.

20. Defendants John/Jane DOES 11–15 are the current Trustee(s), successor trustee(s), or de facto trustee(s) of The 1953 Trust, dated August 8, 2019, sued herein in their representative capacities only. The identities of the trustee(s) are presently unknown to Plaintiff and will be substituted upon discovery.

21. Defendants John/Jane DOES 16–20 are individuals and/or entities whose identities are presently unknown to Plaintiff, who upon information and belief acted as agents, nominees, custodians, managers, service providers, or asset-holding vehicles for Jeffrey Epstein and/or the Estate and/or the 1953 Trust, including by holding, maintaining, managing, transferring, or concealing assets or records connected to the venture and enterprise, and/or facilitating transactions, communications, or logistics relevant to the claims alleged herein. Plaintiff will substitute their true names when ascertained.

22. Plaintiff sues DOES 1-20 because their identities are not presently known despite reasonable diligence, and because their roles are expected to be clarified through discovery of travel, financial, communications, corporate, and property records. Plaintiff will seek leave to amend this Complaint to substitute the true names of Doe Defendants promptly upon identification.

## RULE 26(f) DISCOVERY POSTURE

23. Plaintiff anticipates that discovery in this matter should proceed in a phased, proportional manner consistent with Federal Rule of Civil Procedure

26(b)(1), beginning with targeted disclosures and limited written discovery directed to threshold issues, including enterprise structure, the use of intermediaries, interstate and international transportation, venue and jurisdictional facts, and the identification of persons presently unnamed.

24. Plaintiff is prepared to confer in good faith regarding reasonable sequencing and scope, including the use of protective orders where appropriate to address privacy interests and sensitive information, and to seek the Court's guidance as necessary to ensure efficient and orderly discovery.

## FACTUAL ALLEGATIONS
### (PLEADED ON INFORMATION AND BELIEF)

**A. Recruitment, Inducement, and Transportation**

25. From approximately September 2018 through October 2018, Plaintiff was recruited through false pretenses and induced to travel, after which she was transported across state and national boundaries as part of a coordinated trafficking venture.

26. The transportation included placement in isolated and controlled locations selected by venture participants, including at least one location outside the United States, where Plaintiff's movement and autonomy were restricted.

**B. Harboring and Conditions of Control**

27. Plaintiff was harbored in controlled environments used by the venture to facilitate access by end-users and organizers and to limit Plaintiff's ability to leave or seek assistance.

28. These conditions constituted coercion and abuse of vulnerability, such that safe disclosure was not reasonably possible during the relevant period.

**C. Trafficking Venture Structure and Intermediaries**

29. Upon information and belief, access to Plaintiff was arranged through intermediaries and controlled settings, and the venture utilized layered logistics and compartmentalization to facilitate commercial sex acts and to conceal the identities and roles of organizers and end-users.

30. Access to Plaintiff was arranged through intermediaries and controlled settings, and the venture employed layered logistics and compartmentalization to conceal the identities and roles of organizers and end-users.

**D. Asset-Holding Structure, Florida Nexus, and Unknown Intermediaries**

31. Plaintiff realleges and incorporates by reference all prior paragraphs as if fully set forth herein.

32. Upon information and belief, during the relevant period Jeffrey Epstein maintained substantial and continuous ties to Florida, including Palm Beach County, and utilized Florida-based assets, personnel, and logistical support in connection with the venture and enterprise described in this Complaint.

33. Upon information and belief, Epstein utilized an interconnected structure of entities, trusts, agents, and intermediaries to hold assets, control locations, manage logistics, and conceal participant identities connected to the venture and enterprise.

34. Upon information and belief, Defendant Laurel, Inc., a U.S. Virgin Islands corporation, held title to and maintained real property located at 358 El Brillo Way, Palm Beach, Florida 33480, within this District. That Florida-based asset constituted part of Epstein's Florida operational footprint and was maintained through Florida-based vendors, personnel, and related services.

35. Upon information and belief, Defendant The 1953 Trust, dated August 8, 2019 (the "1953 Trust"), is a trust entity used to hold and administer assets transferred from or associated with Jeffrey Epstein and his estate planning structure. The Trustee(s) of the 1953 Trust are presently unknown to Plaintiff and are sued as DOES 11–15 solely in their representative capacities.

36. Upon information and belief, additional individuals and entities acted as agents, nominees, custodians, managers, service providers, and asset-holding vehicles for Jeffrey Epstein and/or the Estate and/or the 1953 Trust, including by facilitating travel arrangements, controlled venues, communications, and financial transactions, and by maintaining or concealing records. Such persons and entities are sued herein as DOES 16–20 pending identification through discovery.

37. Plaintiff cannot presently identify all venture participants and intermediaries due to the compartmentalized structure alleged herein, the use of controlled environments, and concealment mechanisms. Plaintiff anticipates that discovery—including travel, property, corporate, and financial records—will identify additional responsible parties, including the Trustee(s) of the 1953 Trust and other Doe Defendants.

### E. Epstein's Knowing Benefit and State of Mind

38. Jeffrey Epstein knowingly benefited, financially and/or by receiving something of value, from participation in the venture.

39. Jeffrey Epstein knew or recklessly disregarded that force, fraud, coercion, or abuse of vulnerability would be used to cause persons to engage in commercial sex acts.

### F. Interstate Commerce and Concealment Interstate Commerce and Concealment (Refined)

40. Upon information and belief, the venture's activities affected interstate and foreign commerce through interstate and international travel, communications, and financial transactions.

41. Upon information and belief, the use of intermediaries and controlled locations prevented Plaintiff from reasonably identifying all participants, including

organizers, until after she exited conditions of control and obtained access to information.

### G. Clarifying Sentence

42.     For avoidance of doubt, any allegations concerning international organizers, financiers, or facilitators are pleaded solely to describe the scope and structure of the venture and enterprise, and do not expand the elements, predicates, or theories of liability asserted below.

## ENTERPRISE ALLEGATIONS (RICO)

43.     Upon information and belief, at all relevant times there existed an association-in-fact enterprise within the meaning of **18 U.S.C. § 1961(4)**, with a common purpose, relationships among those associated with it, and sufficient longevity to pursue its objectives.

44.     Upon information and belief, **Jeffrey Epstein** was associated with and conducted or participated, directly or indirectly, in the conduct of the enterprise's affairs through demand-side participation and knowing engagement with intermediaries and controlled settings.

## STATUTE OF LIMITATIONS AND EQUITABLE TOLLING

45.     Plaintiff's TVPRA claims are timely pursuant to 18 U.S.C. § 1595(c).

46.     In the alternative, any applicable limitations periods are equitably tolled due to conditions of control preventing safe disclosure and Plaintiff's delayed

discovery of Jeffrey Epstein's role, given the venture's use of intermediaries and concealed settings.

## CAUSES OF ACTION

47. Each cause of action asserted herein is brought against Defendant Estate and DOES 1–10, to the extent each such Defendant participated in, knowingly benefited from, or conspired to further the conduct alleged, consistent with that Defendant's role in the venture or enterprise described above. Plaintiff further asserts claims against Defendant Laurel, Inc., the 1953 Trust (through its Trustee(s)), and DOES 11–20 to the extent discovery establishes their roles in facilitating enterprise operations or maintaining assets, locations, transactions, or records connected to the conduct alleged.

## COUNT I
## TVPRA (Benefiting From Participation in a Sex-Trafficking Venture)
### (18 U.S.C. §§ 1591(a)(2), 1595)

48. Plaintiff realleges and incorporates by reference ¶¶1–29 as though fully set forth herein.

**Defendants.** This Count is asserted against Defendant Estate and DOES 1–10, to the extent they participated in and/or knowingly benefited from the trafficking venture as alleged herein. Plaintiff further asserts this Count against DOES 16–20 only to the extent discovery establishes that any such Defendant knowingly benefited from participation in the venture beyond asset custody or administrative functions.

49. Upon information and belief, at all relevant times, there existed a sex-trafficking venture within the meaning of 18 U.S.C. § 1591(e)(6) that engaged in the recruitment, transportation, harboring, and obtaining of persons for commercial sex acts.

50. Upon information and belief, Jeffrey Epstein participated in the venture, including through demand-side engagement and knowing interaction with intermediaries and controlled settings supplied by the venture.

51. Upon information and belief, Jeffrey Epstein knowingly benefited, financially and/or by receiving something of value, from participation in the venture, within the meaning of 18 U.S.C. § 1591(a)(2) and § 1595(a).

52. Upon information and belief, Jeffrey Epstein knew or recklessly disregarded that force, fraud, coercion, and/or abuse of vulnerability would be used to cause persons to engage in commercial sex acts, as defined by 18 U.S.C. § 1591(e).

53. As a direct and proximate result of the foregoing, Plaintiff was caused to engage in commercial sex acts and suffered damages compensable under 18 U.S.C. § 1595.

54. Plaintiff is entitled to all relief authorized by 18 U.S.C. § 1595(a), including compensatory damages, punitive damages where appropriate, attorneys' fees, costs, and equitable relief.

## COUNT II
## TVPRA (Attempt and Conspiracy)
## (18 U.S.C. § 1594 (a), (c))

55.  Plaintiff realleges and incorporates by reference ¶¶1–29 as though fully set forth herein.

**Defendants.** This Count is asserted against Defendant Estate and DOES 1–10, and against DOES 16–20 to the extent discovery establishes that any such Defendant knowingly agreed and conspired to violate the TVPRA and took steps in furtherance thereof, consistent with that Defendant's role in the venture.

56.  The object of the attempt and conspiracy was to violate the TVPRA, including 18 U.S.C. § 1591, by recruiting, transporting, harboring, obtaining, or otherwise causing persons to engage in commercial sex acts through force, fraud, coercion, and/or abuse of vulnerability.

57.  Upon information and belief, Jeffrey Epstein knowingly agreed and conspired with one or more other persons to commit the TVPRA violations described herein, including through coordination with intermediaries and participants in the trafficking venture, within the meaning of 18 U.S.C. § 1594(c).

58.  Upon information and belief, in furtherance of the attempted TVPRA violations, Jeffrey Epstein took substantial steps toward commission of such offenses that strongly corroborated the firmness of his intent, within the meaning of 18 U.S.C. § 1594(a).

59. Upon information and belief, in committing the acts alleged, Jeffrey Epstein knew or recklessly disregarded that force, fraud, coercion, and/or abuse of vulnerability would be used to cause persons to engage in commercial sex acts, as defined by 18 U.S.C. § 1591(e).

60. Upon information and belief, co-conspirators performed acts in furtherance of the conspiracy, including acts facilitating access, logistics, and benefits associated with the trafficking venture.

61. As a direct and proximate result of the foregoing attempted and conspiratorial conduct, Plaintiff suffered damages recoverable under 18 U.S.C. § 1595.

62. Plaintiff is entitled to all relief authorized by 18 U.S.C. § 1595(a) for violations of 18 U.S.C. § 1594, including compensatory damages, punitive damages where appropriate, attorneys' fees, costs, and equitable relief.

### COUNT III
### Civil RICO-Conducting or Participating in an Enterprise Through a Pattern of Racketeering Activity
### (18 U.S.C. §§ 1962(c), 1964(c))

63. Plaintiff realleges and incorporates by reference ¶¶1–29 as though fully set forth herein.

**Defendants.** This Count is asserted against Defendant Estate and DOES 1–10 as persons who conducted or participated, directly or indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity. Plaintiff further asserts

this Count against Defendant Laurel, Inc., the 1953 Trust (through its Trustee(s)), and DOES 11–20 to the extent discovery establishes that any such Defendant conducted or participated in the enterprise's affairs through facilitation, concealment, asset/venue management, transactional functions, or record custody connected to the racketeering conduct alleged.

64. Upon information and belief, at all relevant times, there existed an association-in-fact enterprise within the meaning of 18 U.S.C. § 1961(4) (the "Enterprise"), with a common purpose, relationships among those associated with it, and sufficient longevity to pursue its objectives.

65. Upon information and belief, the Enterprise's activities affected interstate and foreign commerce through interstate and international travel, communications, and financial transactions.

66. Upon information and belief, Jeffrey Epstein was associated with the Enterprise.

67. Upon information and belief, Jeffrey Epstein conducted or participated, directly or indirectly, in the conduct of the Enterprise's affairs through demand-side participation and knowing engagement with intermediaries and controlled settings supplied by the Enterprise.

68. Upon information and belief, the Enterprise engaged in a pattern of racketeering activity consisting of at least two acts of racketeering activity within

ten years, including violations of the TVPRA constituting racketeering activity under 18 U.S.C. § 1961(1).

69. The predicate acts underlying this Count include the TVPRA violations pleaded in Counts I–II and incorporated herein, which constitute "racketeering activity" under 18 U.S.C. § 1961(1).

70. Upon information and belief, Defendants' racketeering acts were related and amounted to, or posed a threat of, continued criminal activity, satisfying the continuity requirement.

71. Plaintiff was injured in her business or property by reason of Defendants' violation of 18 U.S.C. § 1962(c), including through trafficking-related exploitation and the resulting economic and compensable harms alleged herein, entitling Plaintiff to relief under 18 U.S.C. § 1964(c).

72. Plaintiff is entitled to relief under 18 U.S.C. § 1964(c), including treble damages, costs, attorneys' fees, and appropriate equitable relief.

## COUNT IV
### Civil RICO-Conspiracy
### (18 U.S.C. §§ 1962(d), 1964(c))

73. Plaintiff realleges and incorporates by reference ¶¶1–29 as though fully set forth herein.

**Defendants.** This Count is asserted against Defendant Estate and DOES 1–10, and against Defendant Laurel, Inc., the 1953 Trust (through its Trustee(s)), and DOES

11–20 to the extent discovery establishes that any such Defendant knowingly agreed that a member of the conspiracy would commit racketeering acts in furtherance of the Enterprise or knowingly agreed to facilitate Enterprise operations connected to the racketeering conduct alleged.

74. Upon information and belief, Defendants knowingly agreed and conspired that a member of the conspiracy would conduct or participate, directly or indirectly, in the conduct of the Enterprise's affairs through a pattern of racketeering activity.

75. Upon information and belief, Defendants agreed to the overall objective of the conspiracy or agreed to commit, or facilitate the commission of, racketeering acts in furtherance of the Enterprise.

76. As a direct and proximate result of Defendants' conspiracy to violate 18 U.S.C. § 1962(c), Plaintiff suffered injury to her business or property, entitling Plaintiff to relief under 18 U.S.C. § 1964(c).

77. Plaintiff is entitled to all relief authorized by 18 U.S.C. § 1964(c), including treble damages, costs, attorneys' fees, and appropriate equitable relief.

## DAMAGES

78. Plaintiff seeks compensatory damages; statutory and equitable relief under the TVPRA; treble damages, costs, and attorneys' fees under RICO; interest as permitted by law; and coordination of remedies to avoid duplicative recovery.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff JANE DOE respectfully requests that the Court enter judgment in her favor and against Defendants, and award the following relief:

A. Compensatory damages in an amount to be determined at trial;

B. Treble damages as authorized by 18 U.S.C. § 1964(c) for the RICO claims, to the extent applicable and not duplicative of other awards;

C. Equitable and injunctive relief as authorized by 18 U.S.C. § 1595(a) and as otherwise permitted by law, including such relief as is necessary to prevent continued harm and to preserve evidence and assets;

D. Reasonable attorneys' fees and costs as authorized by 18 U.S.C. §§ 1595(a) and 1964(c);

E. Pre-judgment and post-judgment interest as permitted by law

F. Such other and further relief as the Court deems just and proper, with remedies coordinated to avoid duplicative recovery.

//

//

//

//

//

//

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable as of right pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: January 22, 2026

                Respectfully Submitted,

**THE LAW OFFICES OF TRAVIS R. WALKER, P.A**
By: /s/Travis R. Walker
Travis R. Walker Esq.
Florida Bar No. 36693
1100 SE Federal Highway
Stuart, Florida 34994
Telephone:(772) 708-0952
travis@traviswalkerlaw.com
service@traviswalkerlaw.com