UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 26-80078-CIV-CANNON/McCabe

**JANE DOE**,

    Plaintiff,

v.

**THE ESTATE OF JEFFREY EPSTEIN,** *et. al*,
*by and through its co-executors*
*Darren K. Indyke and Richard D. Kahn,*
*in their representative capacities only*,

    Defendants.
_____/

## OMNIBUS ORDER

**THIS CAUSE** comes before the Court upon Plaintiff's Complaint [ECF No. 1], Plaintiff's Motion to Proceed in forma pauperis [ECF No. 5], Plaintiff's Motion to Proceed Pseudonymously [ECF No. 6], and Plaintiff's Motion to Seal a forthcoming Unredacted Complaint [ECF No. 8]. Following review, Plaintiff's Motions to Proceed in forma pauperis [ECF No. 5] and to Proceed Pseudonymously [ECF No. 6] are **GRANTED**, and Plaintiff's Motion to Seal a forthcoming Unredacted Complaint is **DENIED**. Additionally, Plaintiff's Complaint [ECF No. 1] is dismissed without prejudice with leave to replead on or before **February 19, 2026,** because it is a shotgun pleading and purports to sue fictitious parties. The Court expounds below.

This case arises out of Defendant Epstein's alleged sex trafficking enterprise [ECF No. 1]. Plaintiff is a victim of the enterprise who now sues Epstein's estate, a trust and company affiliated with Epstein, along with twenty "Jane Doe's" who also may have been involved in the trafficking scheme, under federal RICO and trafficking protection statutes [ECF No. 1]. Shortly after Plaintiff filed her complaint, she moved (1) to proceed in forma pauperis [ECF No. 5]; (2) to proceed pseudonymously [ECF No. 6]; and (3) to file under seal an unredacted Complaint [ECF No. 8].

The Court has considered all the motions and is otherwise fully advised. The motions are hereby resolved as set forth below.

## LEGAL STANDARDS

*Motions to Proceed in forma pauperis*

Under 28 U.S.C. § 1915(a), a court may authorize a party to proceed in forma pauperis in any suit so long as the party submits an affidavit including a statement of all assets they possess and an assertion that they cannot pay the filing fee. 28 U.S.C. § 1915(a). The Court "'has wide discretion in denying an application to proceed [in forma pauperis] under 28 U.S.C. § 1915. This is especially true, the rubric goes, in civil cases for damages, wherein the courts should grant the privilege sparingly.'" *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004) (per curiam) (quoting *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1972)). To be sure, proceeding IFP in a civil case is a privilege, not a right—fundamental or otherwise." *Daker v. Jackson*, 942 F.3d 1252, 1257 (11th Cir. 2019) (quotation omitted).

*Shotgun Pleading*

Complaints that violate Federal Rules of Civil Procedure 8(a)(2) or Rule 10(b), or both, "are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). There are four basic types of shotgun pleadings: (1) those in which each count adopts the allegations of all preceding counts; (2) those that do not re-allege all preceding counts but are replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) those that do not separate each cause of action or claim for relief into different counts; and (4) those that assert multiple claims against multiple defendants without specifying which claims apply to which defendants. *Id.* at 1321–23. "The unifying characteristic of all types of shotgun pleadings is that they fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim

rests." *Id*. at 1323. The Eleventh Circuit repeatedly has condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil docket." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010). Therefore, it is well-settled that shotgun pleadings are an unacceptable form of setting forth a claim for relief. *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 (11th Cir. 2002). And the Court has an independent obligation to dismiss such pleadings and require repleader. *See Ain Jeem, Inc. v. Individuals, Partnerships, & Unincorporated Associations Identified on Schedule A*, 2021 WL 2941735, at *1 (M.D. Fla. July 13, 2021) (collecting cases).

*Fictitious Party Pleading*

"As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). There is a limited exception to this rule "when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'" *Id.* (quoting *Dean v. Barber*, 951 F.2d 1210, 1215–16 n. 6 (11th Cir. 1992)). "It is important to distinguish suing fictitious parties from real parties sued under a fictitious name. There may be times when, for one reason or another, the plaintiff is unwilling or unable to use a party's real name." *Dean*, 951 F.2d at 1215. If the proposed defendant "exist[s]," and a plaintiff can adequately describe the party to be sued so that the person may "be identified for service," then the exception to fictitious party pleading is met. *Id.* at 1215–16 n. 6.

*Motions to Proceed Pseudonymously*

Courts may permit a plaintiff to proceed under a pseudonym in "exceptional cases" where the plaintiff has a "substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (quotation omitted). In determining whether pseudonymity is warranted, courts consider, among other things, whether the plaintiff would be required to disclose information of

the "utmost intimacy." *Plaintiff B v. Francis*, 631 F.3d 1310, 1315–16 (11th Cir. 2011).

***Motions to file a Pleading Under Seal***

"The common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). A party seeking to seal material can overcome the common-law right of access by a showing of good cause where there is "a sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987). A good cause determination "requires 'balancing the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (quoting *Chi. Trib.*, 263 F.3d at 1309). Essentially, good cause exists where "[a] party's privacy or proprietary interest in information . . . overcomes the interest of the public in accessing the information." *Id.*

## DISCUSSION

Upon review of Plaintiff's various Motions, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Motion to Proceed in forma pauperis is **GRANTED** [ECF No. 5]. Plaintiff need not prepay a filing fee in this case. But Plaintiff owes the United States a debt of $405.00, which must be paid to the Clerk of Court as funds become available.

2. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**, with leave to replead on or before **February 19, 2026**, because it is both a shotgun and a fictitious party pleading. On shotgun grounds, Plaintiff's Complaint quite simply fails to put Defendants on notice of the claims against them. More specifically, Plaintiff brings every cause of action against every Defendant, except that certain defendants might be implicated only "to the extent discovery establishes their roles in facilitating enterprise operations or maintaining assets, locations, transactions, or records connected to the

conduct alleged" [ECF No. 1 ¶ 47].  That cabined statement plainly fails to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  *Weiland*, 792 F.3d at 1323.  Additionally, on fictitious pleading grounds, Plaintiff sues twenty different "Jane Doe" Defendants, which are "individuals and/or entities whose identities are presently unknown to Plaintiff" [ECF No. 1 ¶ 19].  Given that Plaintiff admits she does not know who these Defendants are, she fails to meet the narrow exception for fictitious party pleading.  Accordingly:

a. Plaintiff may file an amended complaint on or before **February 19, 2026.**

b. **Each count must identify the particular legal basis for liability and incorporate and/or allege the specific factual allegations that support each cause of action within each count**.

c. **Each claim must clearly explain which particular defendants are being sued under that claim and what each particular defendant did in reference to that claim.  Additionally, each claim must provide supporting facts to show why said defendant(s) are being sued under that claim and identify clearly the legal basis underlying each count asserted.**

d. Plaintiff shall carefully review Federal Rules of Civil Procedure 8 and 10, as well as *Weiland*, 792 F.3d 1313, to ensure that the second amended complaint complies with the fundamental concept of fair notice and clarity underlying those authorities.

e. Plaintiff shall remove all fictional parties from her forthcoming amended complaint, unless the forthcoming descriptions of any fictional defendants are "so specific as to be at the very worst, surplusage." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010).

3. Plaintiff's Motion to Proceed Pseudonymously is **GRANTED** [ECF No. 6]. In light of the sensitive subject matter of this case, the Court concludes that Plaintiff may be required to disclose matters of the "utmost intimacy" throughout this litigation. *See Doe v. Medeiros*, No. 20-CV-24357, 2021 WL 7186841, at *2 (S.D. Fla. Feb. 24, 2021) (permitting a victim of sex trafficking to proceed anonymously because she would have to disclose matters of utmost intimacy); *see also S.B. v. Fla. Agricultural and Mechanical Univ. Board of Trustees*, 823 F. App'x 862, 866 (11th Cir. 2020).

4. Plaintiff's Motion to file an Unredacted Complaint under seal is **DENIED** [ECF No. 8]. While Plaintiff argues that an unsealed complaint may expose her personal information, Plaintiff has not sufficiently explained why the more limited remedy of proceeding pseudonymously (relief which the Court has already granted) will not achieve the anonymity Plaintiff seeks. Should Plaintiff again seek sealing or redaction in a future filing, Plaintiff shall file a motion specifically justifying the relief sought and explaining why such relief is narrowly tailored in light of the common-law right of access to judicial proceedings. *Chi. Trib. Co.*, 263 F.3d at 1311.

**ORDERED** in Chambers at Fort Pierce, Florida, this 6th day of February 2026.

*[signature]*

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:  counsel of record