UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 26-80078-CIV-CANNON/McCabe

**JANE DOE**,

    Plaintiff,
v.

**THE ESTATE OF JEFFREY EPSTEIN,** *et. al*,
*by and through its co-executors*
*Darren K. Indyke and Richard D. Kahn,*
*in their representative capacities only*,

    Defendants.
_____/

**ORDER DISMISSING FIRST AMENDED COMPLAINT
AND PERMITTING FINAL REPLEADING**

**THIS CAUSE** comes before the Court upon Plaintiff's First Amended Complaint [ECF No. 15], filed on February 9, 2026. Plaintiff is a victim of the sex trafficking enterprise who now sues the estate of Jeffrey Epstein's estate and twenty "Jane Doe's" who may also have been involved in the trafficking scheme, under federal RICO and trafficking protection statutes [ECF No. 15]. The Court dismissed Plaintiff's initial pleading, without prejudice and with leave to replead, for violating the prohibition on shotgun pleadings and for suing fictitious parties improperly [ECF No. 14]. In that dismissal Order, the Court explained the relevant pleading standards and outlined the deficiencies in Plaintiff's pleading [ECF No. 14 pp. 2–3]. Nevertheless, Plaintiff's First Amended Complaint remains plagued with both shotgun and fictitious party pleading problems. Accordingly, Plaintiff's First Amended Complaint [ECF No. 15] is again **DISMISSED WITHOUT PREJUDICE** with leave to replead one final time.

CASE NO. 26-80078-CIV-CANNON/McCabe

## LEGAL STANDARDS

*Shotgun Pleading*

Complaints that violate Federal Rules of Civil Procedure 8(a)(2) or Rule 10(b), or both, "are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). There are four basic types of shotgun pleadings: (1) those in which each count adopts the allegations of all preceding counts; (2) those that do not re-allege all preceding counts but are replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) those that do not separate each cause of action or claim for relief into different counts; and (4) those that assert multiple claims against multiple defendants without specifying which claims apply to which defendants. *Id.* at 1321–23. "The unifying characteristic of all types of shotgun pleadings is that they fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*. at 1323. The Eleventh Circuit repeatedly has condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil docket." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010). Therefore, it is well-settled that shotgun pleadings are an unacceptable form of setting forth a claim for relief. *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 (11th Cir. 2002). And the Court has an independent obligation to dismiss such pleadings and require repleader. *See Ain Jeem, Inc. v. Individuals, Partnerships, & Unincorporated Associations Identified on Schedule A*, 2021 WL 2941735, at *1 (M.D. Fla. July 13, 2021) (collecting cases).

*Fictitious Party Pleading*

"As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). There is a limited exception to this rule "when the plaintiff's description of the defendant is so specific as to be 'at the very worst,

2

surplusage.'" *Id.* (quoting *Dean v. Barber*, 951 F.2d 1210, 1215–16 n.6 (11th Cir. 1992)). "It is important to distinguish suing fictitious parties from real parties sued under a fictitious name. There may be times when, for one reason or another, the plaintiff is unwilling or unable to use a party's real name." *Dean*, 951 F.2d at 1215. If the proposed defendant "exist[s]," and a plaintiff can adequately describe the party to be sued so that the person may "be identified for service," then the exception to fictitious party pleading is met. *Id.* at 1215–16 n.6.

## DISCUSSION

Plaintiff's First Amended Complaint remains a shotgun pleading and still names fictitious parties without sufficient information to proceed against them.

First, despite being warned that broad incorporation of preceding allegations warrants dismissal on shotgun-pleading grounds [ECF No. 14 p. 2], Plaintiff's First Amended Complaint "realleges and incorporates by reference all preceding paragraphs" of the Complaint into every single count [ECF No. 15 ¶¶ 71, 81, 91].

Second, although Plaintiff has provided more description as to the twenty "Does" in this action, Plaintiff still fails to provide sufficient information to satisfy the narrow exception to the prohibition on fictitious party pleading in federal court [ECF No. 15]. For example, Plaintiff better describes the duties and involvement of each of the twenty "Does" in Defendant Epstein's trafficking scheme, but she still has not sufficiently distinguished any particular "Doe" from any other employee who may have worked for Defendant Epstein or the relevant trust during the time period alleged, and it is impossible to identify from the provided descriptions who any "Doe" might be [*see, e.g.*, ECF No. 15 ¶¶ 21–22 (describing Does 1–4 as "on-site facilitators who can be identified through property records, security logs, staffing records, and communications"; ¶¶ 23–24 (describing Does 5–7 as "natural persons who arranged and coordinated Plaintiff's interstate and international transportation as part of the trafficking venture"); ¶¶ 25–26 (describing Does 8–

10 as "natural persons who recruited and induced Plaintiff [to the trafficking scheme] through false pretenses"); ¶¶ 27–28 (describing Does 11–13 as the "current Trustee(s) or de facto Trustee(s) of" the trust); ¶¶ 29–30 (describing Does 14–15 as "natural persons or entities who processed or facilitated financial transactions used to fund, conceal, or sustain the trafficking venture"); ¶¶ 30–33 (describing Does 16–20 as "natural persons or entities who personally participated in the trafficking venture and enterprise alleged herein by providing operational, logistical, custodial, or records-related support that was integral to the venture's functioning")]. None of these descriptions can be described as "so specific as to be 'at the very worst, surplusage,'" and certainly none permits any defendant to be identified for service on the record presented. *Dean*, 951 F.2d at 1215–16 n.6.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff may file a second amended complaint on or before **February 27, 2026.**

    a. **The second amended complaint must not contain any successive counts that incorporate all prior allegations**. In other words, Counts II through IV may incorporate the same factual allegations, but they must not broadly incorporate the allegations of previous counts.

    b. Further, the second amended complaint must (i) contain a short and plain statement supporting each claim for relief; (ii) separate each claim into a separate count; (iii) explain what each particular defendant did in reference to each claim; (iv) provide supporting facts to show why that person is being sued; and (v) identify clearly the legal basis underlying each count asserted.

    c. Plaintiff shall carefully review Federal Rules of Civil Procedure 8 and 10, as well as *Weiland*, 792 F.3d 1313, to ensure that the second amended complaint complies with the fundamental concept of fair notice and clarity underlying

those authorities.

2. Plaintiff shall remove all fictional parties from her forthcoming amended complaint, unless the forthcoming descriptions of any fictional defendants are "so specific as to be at the very worst, surplusage." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010).

3. **Failure to comply with this Order will result in dismissal of this action without prejudice and without further notice**, although nothing in this Order prevents Plaintiff from properly moving in the future to amend her pleading so long as she complies with this Order, the Federal Rules of Civil Procedure, and any relevant scheduling order.

**ORDERED** in Chambers at Fort Pierce, Florida, this 23rd day of February 2026.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record